UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. James Poveda     Docket Number: 1:08-cr-00040-MSK-01

**Petition on Supervised Release**

COMES NOW, Robert Haberman, probation officer of the Court, presenting an official report upon the conduct and attitude of James Poveda, who was placed on supervision by the Honorable Alan B. Johnson, sitting in the Court in the District of Wyoming, on the 14th day of March, 2006, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in substance evaluation, testing and treatment as directed by the U.S. Probation Officer.

2. The defendant shall not use or possess alcohol.  He shall not enter establishments deriving their primary income from the sale of alcohol.

3. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

**On August 10, 2007, based on the defendant's therapist's recommendation, the following conditions were added**:

1. The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment

2. The defendant shall remain compliant and shall take all medications that are prescribed by his treating psychiatrist.  The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

**On January 9, 2008, due to the defendant's ongoing use of alcohol and his decision to make Colorado his permanent residence, jurisdiction was transferred from the District of Wyoming to the District of Colorado, and the case was assigned to Your Honor**.

**On February 26, 2009, due to the defendant's continued use of alcohol, the following condition was added:**

1. The defendant shall reside in a residential re-entry center for a period of four (4) months to commence as directed by the probation officer and in accordance with bed space availability, and shall observe the rules of the facility.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a Summons for the defendant to appear at a Supervised Release Violation Hearing.

### ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 13th day of July, 2009, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Robert Haberman |
| | Robert Haberman |
| | United States Probation Officer |
| */s/ Marcia S. Krieger* | Place: Colorado Springs, Colorado |
| Marcia S. Krieger | |
| United States District Judge | Date: July 9, 2009 |

**ATTACHMENT**

On June 4, 2007, the conditions of supervised release were read and explained to the defendant. On that date he acknowledged that the conditions had been read and explained to him, that he fully understood said conditions and that he was provided with a copy of them. The term of supervised release commenced on May 8, 2007.

1. **POSSESSION AND USE OF ALCOHOL:**

On or about September 30, 2007, the defendant consumed an alcoholic beverage, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On September 30, 2007, USPO Lynn Matesi conducted an unannounced morning home visit. During the home visit, USPO Matesi discovered the defendant consuming a beer. The defendant admitted to USPO Matesi that she had caught him drinking alcohol.

2. **VIOLATION OF THE LAW:**

On or about January 3, 2008, the defendant committed Driving Without Driver's License, in violation of C.R.S. 42-2-101(1). This is a Class 2 Traffic Offense, which is a Grade C violation of supervised release.

This charge is based on the following facts:

On January 3, 2008, the defendant was pulled over and charged with nine different counts of traffic offenses. On August 8, 2008, the defendant appeared in the El Paso County Combined Court and pled guilty to Driver's License Driving Without, a Class 2 Traffic Offense, in violation of C.R.S. 42-2-101(1). On that date, the defendant was sentenced to 100 hours community service work, $93.00 fines/fees, and 12 months unsupervised probation. The defendant was ordered to complete the 100 hours of community by June 28, 2009. On July 7, 2009, I spoke with the Clerk of Court in Division F with the EL Paso County Combined Court and she informed me that there is no proof that the defendant completed his sentence and the District Attorney's Office will review the case at the end of July 2009. Contact was also made with Front Range Community Service and they verified the defendant did not register with their agency.

3. **POSSESSION AND USE OF ALCOHOL:**

On or about May 5, 2008, the defendant consumed an alcoholic beverage, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On May 5, 2008 at 3:00 p.m., the defendant reported to our federal treatment provider, Confidential Health Consultants and submitted to a random breath alcohol test, which returned a BAC of 0.149. The defendant admitted to treatment officials that he had been drinking that day since 11:00 a.m. at a local bar.

4. **POSSESSION AND USE OF ALCOHOL:**

On or about September 24, 2008, the defendant consumed an alcoholic beverage, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On September 24, 2007, USPO Matesi conducted an unannounced evening home visit and observed a beer in the defendant's residence. The defendant then admitted to USPO Matesi that he had been drinking the night before.

5.     **POSSESSION AND USE OF ALCOHOL:**

On or about September 30, 2008, the defendant consumed an alcoholic beverage, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On September 30, 2008, USPO Matesi conducted an unannounced evening home visit and discovered the defendant intoxicated.  The defendant admitted to USPO Matesi that he had consumed alcohol earlier in the day.  The defendant was ultimately placed back into weekly group treatment.

6.     **POSSESSION AND USE OF ALCOHOL:**

On or about February 5, 2009, the defendant consumed an alcoholic beverage, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On February 5, 2009, USPO Matesi and USPO Haberman conducted an unannounced evening home visit.  During this unannounced home visit, the defendant was discovered in the bathroom where he had hid a Budweiser beer in the linen closet.  On February 6, 2009, the defendant met with USPO Matesi and admitted he had been drinking for the past few months.  On February 26, 2009, the defendant's conditions of supervised release were modified to include four months in a residential re-entry center.  The defendant commenced his four month placement on March 5, 2009.

7.     **FAILURE TO COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (POSSESSION AND USE OF ALCOHOL):**

On or about March 19, 2009, the defendant failed to comply with the residential reentry center rules and consumed an alcoholic beverage, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On March 19, 2009, the defendant returned to Comcor, a residential re-entry center, and submitted to a random breath test, which returned a BAC of 0.041.  The defendant admitted that he consumed some margaritas with friends.

On June 1, 2009, the defendant appeared in front of Your Honor for a Compliance Review Hearing.  The defendant was warned about his alcohol use and he was continued at the residential re-entry center to complete his four month placement.

8.     **FAILURE TO COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (POSSESSION AND USE OF ALCOHOL):**

On or about July 1, 2009, the defendant failed to comply with the residential reentry center rules and consumed an alcoholic beverage, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On July 1, 2009, staff at Comcor conducted a room search and had the defendant submit to a random alcohol test at 4:03 p.m. which returned a BAC of 0.033 and a second test at 4:18 a.m. which returned a BAC of 0.028.  The staff discovered a blue plastic bottle found the defendant's personal locker which when opened, had a strong odor of an alcoholic beverage.  The defendant was terminated from Comcor unsuccessfully on July 2, 2009.

9. **FAILURE TO COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (POSSESSION OF A CELL PHONE):**

On or about July 1, 2009, the defendant failed to comply with the residential reentry center rules as he possessed a cell phone in his room, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On July 1, 2009, the staff at Comcor were conducting a room search in the defendant's room when they discovered a Cricket cell phone in a gym bag under the defendant's bed. The defendant was terminated from Comcor unsuccessfully on July 2, 2009.

10. **FAILURE TO COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER       (FAILURE TO PAY SUBSISTENCE):**

From on or about May 9, 2009, until July 2, 2009, the defendant failed to pay subsistence to the residential re-entry center, which is a Grade C violation of his supervised release.

This charge is based on the following facts:

On March 5, 2009, the defendant commenced his four month placement at Comcor residential re-entry center in Colorado Springs. To be accepted into Comcor, the defendant agreed to pay Comcor 25% of his salary as subsistence. The defendant was required to show Comcor his check and they would collect 25% when he cashed it. From May 9, 2009, until he was terminated on July 2, 2009, the defendant failed to pay his required subsistence and owes Comcor $973.00.

11. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER:**

From May 29, 2009, to on or about July 2, 2009, the defendant failed to participate in substance abuse counseling at Confidential Health Consultants, which constitutes a Grade C violation of his supervised release.

This charge is based on the following facts:

On March 20, 2009, the defendant was instructed to report to Confidential Health Consultants and meet with Dr. Justin Lincoln one time per month for an hour long individual treatment session. On June 22, 2009, the defendant failed to make his individual session and it was rescheduled for June 24, 2009. On June 24, 2009, the defendant failed to make this individual session and therefore, did not attend any individual treatment sessions in June 2009. On July 2, 2009, the defendant was again scheduled to meet with Dr. Justin Lincoln at Confidential Health Consultants. The defendant again failed to report for his scheduled meeting. I met with the defendant on July 8, 2009, and questioned him about the missed counseling session on June 24, 2009, and he stated he tried to reschedule with Justin but the only number he could provide was the office number and he never heard back from Justin. I then questioned the defendant about the missed counseling session on July 2, 2009, and he told me he did not get out of Comcor until 12:15 p.m. and then it was to late. I received a printout from Cocmor which shows he was removed from Comcor grounds at 11:07 a.m. which would have given O enough time to make his 12:00 p.m. counseling session with Justin.